UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE DAVIS and BETTY DAVIS,

    Plaintiffs,

v.                                                                         Case No. 15-11125

TRANE U.S. INC. d/b/a TRANE,                        HON. AVERN COHN
a foreign corp.

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFFS' MOTION TO STRIKE NONPARTY FAULT (Doc. 18)[1]

### I. Introduction

This is a products liability/tort case. Plaintiff Kyle Davis (Davis) is a former employee of Johnson Wood. In 2012, Davis was installing a commercial chiller in the boiler room at a local high school. The chiller was manufactured by defendant Trane U.S.A., LLC (Trane). During the installation process, the chiller tipped over onto Davis, crushing him. Davis was rendered a quadaplegic and suffered other injuries. Davis claims that the chiller was defectively designed. He also asserts other products related claims, including a failure to warn and breach of warranties. Davis's wife, Betty Davis, brings a separate claim for loss of consortium. Trane filed a notice of nonparty fault against his former employer, Johnson Wood and its members and managers.

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is Davis' motion to strike the notice of nonparty fault. As will be explained, another judge in this district addressed this issue and, after carefully examining the precedents, concluded that plaintiff's employer could be named in a notice of nonparty fault. The Court concludes the same. Accordingly, the motion to strike will be denied. The reasons follow.

## II. Background

### A.

Davis was the foreman on a job to install a commercial chiller in the boiler room at Wayne Memorial High School. The chiller was designed, manufactured and sold by defendant Trane. During the final stage of installation, the chiller toppled over onto Davis, resulting in permanent quadriplegia and other permanent, serious injuries.

Davis claims that the design of the chiller was defective because it was unreasonably susceptible to tipping over and causing severe injuries under reasonably foreseeable installation conditions. Davis asserts claims of negligent design, negligent failure to warn, negligent testing, breach of implied and express warranties, negligent misrepresentation, negligent failure to recall, and gross negligence.

It is undisputed that at the time of the incident, Davis was an employee of Johnson and Wood, the mechanical contractor that had won the bid to install the chiller. Davis had worked for Johnson and Wood for almost six years prior to the incident, performing pipefitting, rigging and installation work, including commercial chiller installations, at many locations.

### B.

On March 26, 2015, Davis filed the complaint against Trance. (Doc. 1). On May

15, 2015, Trane filed an answer. (Doc. 7). On August 10, 2015, Trane filed a notice of nonparty fault (Doc. 16), identifying the following entities and persons:

- Johnson and Wood, L.L.C, its members and managers.
- Wayne Westland Community Schools
- Melton Truck Lines, Inc.

Davis asks the Court to strike the notice of nonparty fault as to Johnson and Wood.[2]

### III.  Legal Standard

Fed. R. Civ. P. Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.' " United States Sec. & Exch. Comm'n. v. Thorn, 2002 WL 31412440, *2 (S.D. Ohio 2002), quoting, Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co., 961 F. Supp. 1078, 1083 (W.D. Mich. 1997); see also United States v. Pretty Products, Inc., 780 F.Supp. 1488, 1498 (S.D. Ohio 1991) (stating that motions to strike may be appropriate where they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case") (internal quotation marks omitted). Such a motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." Thorn, 2002 WL 31412440, *2

### IV.  Analysis

---

[2]Davis says he intends to file similar motions as to the other identified nonparties. To date, no such motions have been filed.

As noted above, another judge in this district addressed the same issue presented in the instant motion–whether an employer is properly named in a notice of nonparty fault regardless of the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA). See M.C.L. § 418.131. The district court, in adopting the report and recommendation of the magistrate judge over objection, concluded that Michigan tort law allows an employer to be named as a nonparty at fault despite the fact that the employee cannot recover against the employer outside of the WDCA. Sedgwick Ins. v. F.A.B.E. Custom Downstream, 47 F. Supp. 3d 536 (E.D. Mich. 2014). Davis argues that Sedgwick was wrongly decided. While the Court finds Sedgwick persuasive, some elaboration on Michigan's tort law,[3] a discussion of relevant case law, and Sedgewick, is in order.

A. Michigan Tort Law

In 1996, the Michigan Legislature made sweeping changes to Michigan tort law. Under the "tort reform" legislation, joint and several liability was generally abolished and replaced with fair share liability." Smiley v. Corrigan, 638 N.W.2d 151, 153 (Mich. App. 2002). See M.C.L. § 600.2956 ("[I]n an action based on tort or another legal theory seeking damages for personal injury, property damage or wrongful death, the liability of each defendant for damages is several only and is not joint."). Now, each tortfeasor now pays only the portion of the total damage award that reflects that tortfeasor's percentage of fault. Id. Under this rule, the trier of fact must consider the fault of each person who contributed to the tort, not only those who are parties to the litigation.

---

[3]Because this is a diversity case presenting an issue of state law, the substantive law of Michigan applies. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

Section 600.2957 describes this process as follows:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subjection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

Accordingly, in cases involving the fault of more than one person, a trial court must instruct the jury to indicate "the percentage of the total fault of all persons that contributed to the death or injury. . . regardless of whether the person was or could have been named as a party to the action." M.C.L. § 600.6304(1)(b).  This includes properly noticed nonparties.  The fault of a nonparty cannot be considered unless the defendant gives notice as provided in M.C.R. 2.112(K).  This rule provides that a "party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault."  Id.

> Section 600.2957(3) also explicitly recognizes that the comparative fault statutes:

> ... do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

M.C.L. § 600.2957(3).

The term "fault" is then defined in the statute as "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party."  M.C.L. § 600.6304(8).

5

B. Relevant Case Law

1.

There are two published Michigan decisions that address the issue of whether an employer may be named as a nonparty under the comparative fault scheme. The first decision is Kopp v. Zigich, 268 Mich. App. 258 (2005). The magistrate judge in Sedgwick, in the words of the district court, "accurately and succinctly summarized the Kopp decision:"

> In Kopp, the plaintiff was injured while delivering a hot tub for his employer. He sued the owners of the residence based on premises liability, alleging negligence in maintaining their residence and in not warning him of known dangers. The defendant filed a notice, identifying the plaintiff's employer as a nonparty at fault and alleging that the employer had failed to properly train the plaintiff in the delivery of hot tubs. The plaintiff moved to strike the notice, and the trial court granted the motion, reasoning that a duty must exist before fault can be apportioned under the comparative fault statutes, and finding that plaintiff's employer did not owe him a duty because plaintiff's exclusive remedy against his employer was under the WDCA.
>
> The Court of Appeals disagreed, holding that under a plain reading of the comparative fault statutes, a court is required to award damages based on a proportional determination of a defendant's fault in relation to the plaintiff's total damages caused by all persons who contributed to the injury. Kopp, 268 Mich.App. at 260, 707 N.W.2d 601. Accordingly, the Court of Appeals held that the defendant "must have the opportunity to name [the plaintiff's employer] as a potential nonparty at fault and present evidence that [the employer] contributed to plaintiff's injuries." Id. The Court of Appeals then stated that "a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated." Id.

Sedgwick, 47 F. Supp. 2d at 539-40 (citing ECF No. 41, Order at 548).

Second, in Romain v. Frankenmuth Mut. Ins. Co., 483 Mich. 18, 20 (2009) (per curiam), the Michigan Supreme Court held that "proof of a duty *is* required 'before fault can be apportioned and liability allocated' under the comparative fault statutes, MCL 600.2957 and MCL 600.6304." (emphasis in original). In so holding, the Michigan

Supreme Court partially overruled Kopp, stating: "Specifically, we overrule the statement in Kopp v. Zigich that 'a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated.' " Romain, 483 Mich. at 20.

2.

Davis contends that implicit in the decision in Romain and Kopp is the notion that an employer cannot be named as a nonparty at fault. Davis argues that the Michigan Supreme Court's decision in Romain only overruled the determination that a duty was not required and left in tact the lower court's determination that an employer cannot be named as a nonparty at fault Kopp.

Trane contends that the Romain decision only overturned the statement in Kopp that a duty was not required, but left standing the portion of Kopp that held that under M.C.L. § 600.2957 and § 600.6304, a party may still be named as a nonparty for purposes of assessing fault, even if that party may not be sued, like an employer. In support, Trane cites two unpublished cases. Richardson v. Time Manufacturing, No. 505CV27, 2005 WL 1923592 (W.D. Mich. Aug. 11, 2005) and Schmeling v. Whitty, Nos. 292190, 292740, 2011 WL 520539 (Mich. Ct. App. Feb. 15, 2011). These cases are discussed below.

3.

Although decided prior to Romain, Richardson addressed the issue of whether an employer subject to the WDCA can be deemed a nonparty at fault. In Richardson, the district court found that because "fault" is statutorily defined to include intentional conduct in addition to conduct that could give rise to strict liability, "the statute implicitly

7

includes—as non-parties who may be assigned 'fault'—employers whose acts, omissions, or conduct have proximately caused a claimed injury." Richardson, 2005 WL 1923592, at *3–4. The court in Richardson also noted that employers subject to the WDCA were not "expressly excluded" from the fault allocations pursuant to §§ 600.2957 and 600.6304. Id.

In Schmeling, the Michigan Court of Appeals addressed the precise issue of whether an employer and coworker, subject to the WDCA's exclusive remedy, can be properly named as nonparties at fault. In Schmeling, the court of appeals interpreted Romain to stand for the proposition that before a party can be named a nonparty at fault, it must be shown that person owed the plaintiff a duty. The court of appeals then held:

> The existence of a duty turns on the relationship between the defendant and the person whose injury was allegedly caused by the defendant's act or failure to act. Essentially, the question of duty is a public-policy question of whether the defendant should be held responsible for the conduct or inaction in question. Although workers' compensation benefits are the exclusive remedy for an employee injured while working, it does not follow that employers and co-employees do not owe an employee any duty.
>
> A duty encompasses the type of behavior that the person in question must engage in, or refrain from, in order to avoid legal liability. A remedy, however, refers to the kind of relief a claimant may obtain, once the claimant has shown a breach of some duty. Critically, MCL 600.2957(1) and MCL 600.[6]304(1)(b) recognize this distinction by explicitly providing that a defendant can notice a nonparty at fault even though that nonparty could not be sued. In other words, a person can owe a duty to a plaintiff even when the plaintiff cannot recover any remedy from that person.

Schmeling, 2011 WL 520539, at *1–2 (internal citations omitted, emphasis in the original).

C. Sedgewick

In Sedgewick, Angela Sarazin was working as a contract employee on the assembly line at Fagerdala USA–Marysville, Inc. (Fagerdala). The parties did not dispute that, for legal purposes, Fagerdala was Sarazin's employer. Fagerdala produced a variety of products, including foam pool flotation "noodles." Sarazin said that while cleaning up before going home, she noticed two pool noodles stuck in a Servo Fly–Knife Cutter, a machine designed, manufactured, and sold by defendant CDS. Believing that the machines were off/down, Sarazin reached into the machine to remove the pool noodles. Sarazin said that, because of the absence of various safety measures, the machine started and her right hand was completely severed.

Sarazin filed a tort action against CDS. Included in CDS's affirmative defenses was that fault may be attributed to Fagerdala, as altering the machine after installation. Sedgewick, the WDCA carrier paying Sarazin's benefits, sued CDS one day before Sarazin filed her complaint. The two actions were consolidated.

Sarazin filed a motion to strike CDS's notice of nonparty fault against Fagerdala, arguing that Michigan law, particularly the WDCA, does not permit an employer to be named as a nonparty at fault.

The district court considered all of the above decisions and reached the conclusion that an employer could be named as a nonparty at fault despite the WDCA. The district court, in rejecting the plaintiff's objections and adopting the magistrate judge's recommendation explained:

> . . . the Court finds that the Romain decision did not disturb Kopp's holding that the Michigan comparative fault statutes, § 600.2957 and § 600.6304, require that a judge or jury must first make findings of fact regarding the total amount of a

9

> plaintiff's damages and "then determine the percentage of the total fault of each person who contributed to the injury, 'regardless of whether the person was or could have been named as a party to the action.' " Kopp, 268 Mich.App. at 260, 707 N.W.2d 601 (citation omitted). Here, the Magistrate Judge's finding that Plaintiff Sarazin's employer and coworker owed her a duty and therefore are properly listed as nonparties at fault is in harmony with that undisturbed portion of Kopp as well as Romain. Accordingly, the Magistrate Judge's decision properly applied Michigan case law and Plaintiff Sarazin's objection that it was error for the Magistrate Judge to rely upon unpublished case law is denied.

Sedgewick, 47 F. Supp. 2d at 541-42.

The Court agrees with the district court's analysis and conclusion. A fair reading of Romain and Kopp, further illuminated by Richardson and Schemling, leads to the conclusion that an employer may be named as a nonparty at fault even though under the WDCA the plaintiff is unable to recover in tort against them.[4]

One final point merits discussion. As noted above, a nonparty may be named at in a notice if that nonparty owes a duty to the plaintiff. Davis argues that the WDCA eliminates an employer's duty to its employees. The district court considered and rejected this argument in Sedgewick, stating in part:

> . . . Michigan court's have generally recognized both a common law and statutory duty owed by an employer to its employees. Specifically, the Michigan Supreme Court has explained this duty in conjunction with the WDCA framework:

---

[4]The Court notes that this issue has been the subject of comment in the legal community. One publication, written by counsel for defendants in Schmeling, described its key holdings as follows: "1. Immunity does not abolish duty in applying Romain. 2. Employers and co-employers owe of duty and may be non-parties at fault." Ronald C. Wernette and Nicholas G. Even, Immunity, Duty And Non-Parties At Fault, 27 Michigan Defense Quarterly, No. 4, 20 (April 2011). Another publication concluded that the trend "point[s] to the conclusion that MCL 600.2957 allows a notice of nonparty at fault against any party, immune or not, who contributes to a single injury. Amicus Curious, Under Tort Reform, Can a Party "Notice" an "Immune" Non-Party to Offset its Own Lilability?, Appellate Law Information (posted May 5, 2011), available at http://amicus-curious.com/2011/05/20/under-tort-reform-can-a-party-notice-an-immune-non-party-to-offset-its-own-liability/ (last visited Feb. 3, 2106).

> [w]orkplace safety, at common law and under MIOSHA, is the responsibility of the workers' employer .... There is, however, generally no tort liability for failure to measure up to that responsibility. The employer, as a trade-off for the obligation to secure the payment of workers' compensation benefits, is relieved of tort liability under the provision of the workers' compensation act that makes a claim for workers compensation the injured workers' exclusive remedy against the employer.
>
> White v. Chrysler Corp., 421 Mich. 192, 199, 364 N.W.2d 619 (1984) (emphasis added); see also Ghrist v. Chrysler Corp., 451 Mich. 242, 250, 547 N.W.2d 272 (1996) (acknowledging that "an employer has a statutorily imposed duty to make the workplace safe for its employees" but finding MIOSHA does not "abrogate the general duty of a manufacturer to exercise the degree of care necessary in the design and manufacture of a product to avoid all reasonably foreseeable injuries."); see also Villar, 134 Mich.App. at 120 n. 1, 350 N.W.2d 920 (recognizing that Michigan courts had long recognized that "as a matter of common law, an employer has a duty to maintain a reasonably safe workplace.") (collecting cases). As the court in Schmeling explained, "a person can owe a duty to a plaintiff even when the plaintiff cannot recover any remedy from that person." Schmeling, 2011 WL 520539, at *2 (emphasis in original). The Court agrees with the Magistrate Judge that this interpretation is consistent with the Michigan comparative fault statutes' plain language that requires the trier of fact to allocate liability among all persons found to at fault "regardless of whether the person is, or could have been, named as a party to the action." Mich. Comp. Laws § 600.2957(1).

Sedgewick, 47 F. Supp. 2d at 542. The Court agrees with the reasoning and conclusion in Sedgewick that, despite the WDCA, an employer still owes a duty to an employee.

V. Conclusion

For the reasons stated above, Davis' motion to strike is DENIED.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2016
      Detroit, Michigan