**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KYLE DAVIS and BETTY DAVIS,

    Plaintiffs,

vs.

TRANE U.S., INC. d/b/a TRANE,
a foreign corporation,

    Defendant.

Case No. 2:15-cv-11125

Hon. Avern Cohn
Hon. Elizabeth A. Stafford,
Magistrate Judge

### Memorandum RE: Reassignment for Recusal (Doc. #207)

On September 17, 2019, the Court entered an order of recusal without explanation. This memorandum describes the reasons.

This is a long pending products liability case. In March 2019 the lawyers for Plaintiffs and Defendant gave their approval for the Court to attempt to settle the case.

The Court met with the lawyer for Plaintiffs in chambers separately. The Court was unable to effectuate a settlement.

The Court held a final pretrial conference on September 16, 2019. At the conference, the Court discussed witness and exhibit lists, the verdict form, and jury instructions. The Court also denied Plaintiffs' warranty claim, and considered and ruled on motions in limine. Rulings on several of the motions in limine had the effect of narrowing the issues at trial. Plaintiffs' lawyer objected, and stated the following:

> "Based on these rulings that you have made today, we have no viable lawsuit in many respects…and I think that if Defendant filed a motion for summary judgment in this case at this point based on your rulings they would be entitled to it." (ECF No. 206, PageID. 8009-8010).

After the conference, the Court met with Defendant's lawyer separately, and discussed settlement amounts less than Plaintiffs had previously sought. Defendant's

lawyer said he would speak with his client and inform the Court of his client's position as soon as possible.

On September 17, Defendant's lawyer met with the Court and informed the Court that his client was willing to settle for a low seven number figure.

The Court immediately contacted Plaintiffs' lawyers and requested an in person meeting that day to discuss the offer. Upon arrival, Plaintiffs' lawyer informed the Court they would not discuss any matter without Defendant's lawyer present. The Court then called Defendant's lawyer, who participated in the meeting via phone.

At the meeting, Plaintiffs' lawyer told the Court the meeting with Defendant's lawyer after the pretrial conference on September 16 was in violation of Code of Judicial Conduct Rule 2.9, which prohibits ex parte communication.[1] Plaintiffs' lawyer said he would be filing a motion for recusal on these grounds. Defendant's lawyer did not object.

As a consequence of the foregoing, the Court recused itself from further participation in this case.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 18, 2019

---

[1] According to Rule 2.9(A)(4) a judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to settle matters pending before the judge.